1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC RENDON, *individually on behalf of*          No.  1:20-cv-01538-ADA-BAM
     *himself and all others similarly situated*,
12                                                      ORDER GRANTING IN PART AND
                      Plaintiff,                        DENYING IN PART DEFENDANT'S
13                                                      MOTION TO DISMISS, DENYING
              v.                                        DEFENDANT'S MOTION TO STRIKE, AND
14                                                      GRANTING DEFENDANT'S REQUEST FOR
     INFINITY FASTENERS, INC., a Kansas                 JUDICIAL NOTICE
15   Corporation; and DOES 1-50;
                                                        (ECF. No. 7.)
16                    Defendants.
                                                        ORDER DENYING PLAINTIFF'S
17                                                      REQUESTS FOR JUDICIAL NOTICE AND
                                                        SUPPLEMENTAL BRIEFING
18
                                                        (ECF Nos. 9, 11)
19

20           This matter is before the Court on a motion to dismiss, a motion to strike, and a request

21   for judicial notice filed by defendant Infinity Fasteners, Inc.  (ECF No. 7.)  Plaintiff Eric Rendon

22   has also filed a request for judicial notice (ECF No. 9) and for supplemental briefing (ECF No.

23   11).  For the reasons explained below, the Court will grant, in part, and deny, in part, Defendant's

24   motion to dismiss; deny Defendant's motion to strike; and grant Defendant's request for judicial

25   notice.  The Court denies Plaintiff's request for judicial notice as moot.  (ECF No. 9.)  The Court

26   denies Plaintiff's request for supplemental briefing.  (ECF No. 11.)

27   ///

28   ///

                                                    1

# BACKGROUND

## A. Procedural History

Plaintiff Eric Rendon filed a complaint in the County of Fresno on July 14, 2020, against defendant Infinity Fasteners, Inc. and Does 1 through 50, alleging violations of California's Labor Code and California's Unfair Competition Law (UCL), and requesting equitable remedies in addition to prescribed statutory penalties.  (ECF No. 1 at 63-80.)  Prior, on April 10, 2020, Plaintiff sent notice of its claims to the California Labor and Workforce Development Agency (LWDA).  (ECF No. 9 at 8.)[1]  Plaintiff sent additional notice to the LWDA on July 10, 2020, 91 days after his initial notice.  LWDA never responded.  (ECF No. 9 at 8.)[2]  Plaintiff filed a First Amended Complaint (FAC) and Errata on September 17, 2020, and September 18, 2020, respectively—69 days after Plaintiff's second LWDA notice.  (ECF No. 1 at 1-2.)  Defendant removed to this Court on October 29, 2020, under diversity jurisdiction.  (ECF No. 1.)

Plaintiff brings this action on behalf of himself and others, to the extent investigation reveals additional aggrieved employees, under the Private Attorney General Act (PAGA) of California Labor Code[3] §§ 2698, et seq.  (ECF No. 1 at 63.)  Plaintiff alleges nine causes of action

---

[1] Case reference numbers are: LWDA-CM-782649-20 and LWDA-CM-796597-20 for the April 10 and July 10 filings, respectively.  (ECF No. 1 at 64.)

[2] Defendant requests this Court take judicial notice of Plaintiff's notices to the LWDA and provides each notice as an appended exhibit.  (ECF No. 7-2.)  Defendant does not request judicial notice for the "truth of the contents" of these filings, only for the filings themselves because Plaintiff did not append the notices to his complaints.  (*Id*. at 2.)  Because Plaintiff incorporates these filings by reference in its first amended complaint (FAC), relies on these filings in its complaint, and does not dispute Defendant's request for judicial notice in its opposition, the Court grants Defendant's request and considers the allegations therein as incorporated.  *See* FRE Rule 201; *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018) (*Khoja*) ["Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth"]; *id*. at 1002 ["Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself"]; *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ["the "incorporation by reference" doctrine[] permits us to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'"].

[3] All references to the California Code are to the California Labor Code unless noted otherwise.

against Defendant:[4] (1) retaliation for complaints of unsafe working conditions (§ 6310(a), (c));

(2) retaliation for complaint of illegal activity (§ 1102.5(b), (h)); (3) retaliation for complaint of

unpaid wages (§ 98.6); (4) withholding of wages (§§ 222, 225.5); (5) waiting time penalties

(§§ 201-03); (6) failure to reimburse for travel and other expenses (§ 2802); (7) accounting, an

equitable remedy; (8) unfair competition law (Cal. Bus. & Prof. Code §§ 17202-04); and (9)

PAGA civil penalties (§ 2698 et seq.).  (ECF No. 1 at 63-80.)  Plaintiff prays for attorney's fees

and costs (§§ 218.5, 2699, 2802; Cal. Civ. Proc. Code § 1021.5) and punitive damages.

On December 3, 2020, Defendant filed this motion to dismiss and motion to strike

contending: (1) Plaintiff failed to allege facts sufficient to state cognizable claims, warranting

dismissal; (2) Plaintiff's ninth cause of action must be dismissed for redundancy; (3) and

Plaintiff's prayer for punitive damages must be stricken for failure to adequately plead the claim.

(ECF No. 7-1.)  Plaintiff timely filed an opposition and request for judicial notice (ECF No. 9),[5]

and Defendant timely replied (ECF No. 10).  On January 6, 2021, Plaintiff requested to submit

supplemental briefing concerning new case law impacting the party's pleading.  (ECF No. 11.)[6]

### B. Factual Background

The following facts are discernable from Plaintiff's FAC and LWDA complaints.

Defendant hired Plaintiff on or around September 27, 2018, as an outside salesperson and to

---

[4] Plaintiff alleges all PAGA actions under Section 2699.5.

[5] Defendant does not dispute the request in its reply; however, there are requests concerning statutes that would not require judicial notice as they are publicly available statutes and discussions of legislative members in session.  We would grant judicial notice to the legislative history as it is undisputed and authenticated.  *Zephyr v. Saxon Mortg. Servs., Inc.*, 873 F. Supp. 2d 1223, 1225-26 (E.D.Cal. 2012) ["The Court 'may take judicial notice of "'matters of public record'" without converting a motion to dismiss into a motion for summary judgment.' [Citation.] The matters of which a Court may take judicial notice should be 'generally known' or 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' [Citations] . . . Although [defendant] objects to the admission of some of the legislative history, [it] does not contest that these are readily available public documents or challenge their authenticity . . . The court need not take judicial notice of relevant statutes and regulations"].  Because this Court decides that Plaintiff has sufficiently pleaded the existence of another aggrieved employee under a plain reading, Plaintiff's request for judicial notice is moot.

[6] The Court denies this request as moot because supplemental briefing is no longer needed.

occasionally work in Defendant's warehouse, fabricating products.  (ECF No. 1 at 64.)

Defendant required Plaintiff to drive his own personal vehicle, performing outside sales.  (*Id*. at

65-66.)  Defendant provided Plaintiff a gas card, which he used for his personal vehicle.  (*Id*. at

76.)  Plaintiff maintains Defendant paid him some reimbursement for driving his personal vehicle

but did not fully reimburse him for all work-related expenses, including ordinary wear and tear,

short-term maintenance, and long-term maintenance.  (*Id*. at 65-66.)

During his employment, Plaintiff made oral complaints that he was not receiving his full

commissions.  (ECF No. 1 at 72.)  Plaintiff repeatedly asked his supervisor, Gene Kelly, to

confirm the accuracy of his wages and for a breakdown of his earned commissions.  (*Id*. at 64.)

Plaintiff alleges he never received a signed commission agreement or computation of how his

commissions were calculated.  (*Id*.)  Plaintiff alleges Defendant took money out of his

commission sales and that Plaintiff is owed additional commissions.  (*Id*.)

During Plaintiff's employment, Plaintiff's brother—Justin Rendon—made several

complaints about unsafe work conditions, harassment, and a hostile work environment.  (ECF No.

1 at 64.)  Both believed they were making complaints concerning violations of federal, state, or

local law, including possible violations of Department of Labor, Occupational Safety and Health

Administration (OSHA) (29 CFR § 1910, et seq.); the California Health and Safety Code; and

Cal-OSHA regulations (Title 8 of the California Code of Regulations).  (*Id*. at 65.)  The

complaints included: (1) the chamfering machine used to fabricate bolts, etc., was unsafe (the

wheel would fall off); (2) employees were not provided appropriate Personal Protective

Equipment (PPE), such as gloves and eye protection; (3) the miter saw was maintained in an

unsafe condition and posed a risk to employee safety; (4) the warehouse lacked ventilation, and

exposed employees to extreme temperatures; (5) the forklift used in the warehouse to move heavy

items was defective and unsafe; (6) the racks and shelves used to store inventory, tools, and

equipment, were not maintained and posed a significant safety risk, including significant

overhead exposure; and (7) employees were directed to use a forklift and pallet to raise

employees to higher level to retrieve items, posing a significant danger to employees.  (*Id*. at 65-

66.)  Plaintiff specified various Cal-OSHA provisions regulating each area of unsafe working

conditions in his complaint, alleging Defendant was in violation of: 8 CCR §§ 3556 (tools to be maintained in safe working conditions), 3380 (PPE), 3382 (eye and face protection), 3384 (hand protection), 5142 and 5152 (ventilation), 3649-3669 (forklifts and industrial trucks), 4231 and 4243 (miter saw and metal cutting equipment); 3241 (storage racks); and 3657 (elevating employees with forklift).  (*Id*. at 65.)  Plaintiff alleges Defendant did not take these complaints seriously.  (*Id*.)  In response, one supervisor replied, "[s]top acting like a [bitch]!"  (*Id*. at 24, 65.)[7]

Plaintiff's brother resigned after making a complaint on August 27, 2019.  (ECF No. 1 at 71.)  Plaintiff alleges his brother resigned due to a hostile work environment and unsafe working conditions.  (*Id*.)  Plaintiff was terminated one week after his brother's resignation.  (*Id*.)  Plaintiff alleges the reasons given for his termination were "not credible."  (*Id*.)  Plaintiff alleges he and his brother's complaints were substantial motivating reasons for the adverse treatment he received and the adverse employment action—Plaintiff's termination.  (ECF No. 1 at 72.)  Plaintiff alleges the adverse treatment he experienced was being subject to racial slurs and being teased for his physical appearance.  (ECF No. 7-2 at 11.)[8]

Plaintiff alleges he was not paid his full commissions—10% of the gross profits of a sale (ECF No. 7-2 at 5)—at the time of his termination.  (ECF No. 1 at 75.)  Plaintiff alleges he was required to sign and acknowledge he did receive his full commissions in order to receive his final paycheck on September 5, 2019, however, Plaintiff alleges he was awaiting a payout from a big commission he worked on up until his termination that he never received.  (ECF No. 7-2 at 5.)

Further, Plaintiff alleges Defendant's managing employee threatened to take money out of Plaintiff's sales commissions if Plaintiff could not sell equipment that had been in the warehouse since before Plaintiff was an employee.  (*Id*.)  Plaintiff alleges he could not calculate the exact number of wages owed because of Defendant's refusal to provide him an accounting of books and records necessary to determine the owed amount.  (ECF No. 1 at 76-77.)  Plaintiff alleges

---

[7] Plaintiff alleges this statement differently throughout his complaints.  The unredacted versions say "bitch."  (ECF No. 1 at 24.)  It is put in brackets here to demonstrate that it was redacted.

[8] Plaintiff alleges these facts in his LWDA notices and his initial complaint; however, these facts are removed from the FAC and its Errata.  Still, the FAC "incorporates the facts alleged by the [LWDA] notice" and therefore incorporates these factual allegations.  (ECF No. 1 at 66.)

1   Defendant possesses records from which the amount of compensation due and owing to him

2   could be calculated within a reasonable degree of certainty.  (*Id.* at 76.)

3        Plaintiff alleges Defendant systematically deprived employees of unpaid and regular

4   wages.  (ECF No. 7-2 at 5.)  Plaintiff alleges Defendant held reckless disregard for the protection

5   of its employees to a level warranting punitive damages.  (ECF No. 1 at 73.)  Plaintiff alleges

6   Defendant engaged in unlawful activity, reaping unfair benefits and illegal profits at Plaintiff's

7   expense.  (*Id.* at 77-78.)

8                                **LEGAL STANDARD**

9   **A.  Motion to Dismiss**

10       A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint.

11  *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be

12  based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

13  cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

14  A claim for relief must contain "a short and plain statement of the claim showing that the pleader

15  is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual

16  allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible

17  on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S.

18  662, 677-78 (2009) (*Iqbal*).  "A claim has facial plausibility when the plaintiff pleads factual

19  content that allows the court to draw the reasonable inference that the defendant is liable for the

20  misconduct alleged."  *Iqbal*, 556 U.S. at 678.

21       In determining whether a complaint states a claim on which relief may be granted, the

22  Court accepts as true the allegations in the complaint and construes the allegations in the light

23  most favorable to the plaintiff.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*

24  *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, it is inappropriate to assume that

25  the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . .

26  laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

27  *Council of Carpenters*, 459 U.S. 519, 526 (1983).

28  ///

1    **B. Leave to Amend**

2        "Dismissal without leave to amend is proper if it is clear that the complaint could not be

3    saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).  To the

4    extent pleadings can be cured by the allegation of additional facts, however, courts generally

5    grant leave to amend.  *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d

6    242, 247 (9th Cir. 1990) (*Cook*) (citations omitted).  Pursuant to Rule 15 of the Federal Rules of

7    Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind

8    "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the

9    pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*Lopez*) (en

10   banc) (alterations, internal quotation marks omitted).  When dismissing a complaint for failure to

11   state a claim, "a district court should grant leave to amend even if no request to amend the

12   pleading was made, unless it determines that the pleading could not possibly be cured by the

13   allegation of other facts." *Id*. at 1130 (internal quotation marks omitted).  Accordingly, leave to

14   amend generally shall be denied only if allowing amendment would unduly prejudice the

15   opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith.

16   *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008) (*Leadsinger*);

17   *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (*Corinthian Colleges*).

18                                              **ANALYSIS**

19   **A.    Plaintiff has Standing to Bring this PAGA Action.**

20              **a.  Plaintiff identified other aggrieved employees in his pleading.**

21        Defendant argues Plaintiff is required to identify the existence of an additional "aggrieved

22   employee" in his pleading because a PAGA action must be brought as a representative action.

23   (ECF No. 7-1 at 10.)  Defendant claims Plaintiff "has not *identified* any other current or former

24   employees on behalf of whom he brings these PAGA claims."  (*Id*. (emphasis added).)

25   Defendant argues Plaintiff's first six causes of action are precluded because he does not allege the

26   existence of any other alleged aggrieved employees with post-termination wage disputes (*Id*.),

27   relying upon *Machado v. M.A.T. & Sons Landscape, Inc*., 2009 WL 2230788 (E.D.Cal. July 23,

28   2009) (*Machado*) in support of its claims.

                                                    7

1         In opposition, Plaintiff argues he did identify other aggrieved employees, namely, his

2    brother, Justin Rendon, who "complained of unsafe working conditions" and "resigned due to a

3    hostile work environment."  (ECF No. 9 at 10.)  Plaintiff argues he has also alleged his intent to

4    "represent similarly situated employees to the extent further investigation reveals additional

5    aggrieved employees."  (*Id*.)  Plaintiff argues, in the alternative, Defendant misreads the

6    legislative intent of the PAGA statute to exclude single plaintiff PAGA actions.  (*Id*. at 11.)

7         Plaintiff is correct: PAGA does not require all pleaded claims to apply to every aggrieved

8    employee.  Statutory interpretation begins with understanding the plain language of the statute in

9    question.  *Lamie v. U.S. Tr*., 540 U.S. 526, 534 (2004).  The PAGA states, "Notwithstanding any

10   other provision of law, any provision of this code that provides for a civil penalty to be assessed

11   and collected by the [LWDA] . . . may, as an alternative, be recovered through a civil action

12   brought by an aggrieved employee on behalf of himself or herself and other current or former

13   employees . . ."  § 2699(a).  Aggrieved employees may bring claims on behalf of themselves and

14   other employees in either a literal or representative capacity.  *Viking River Cruises, Inc. v.*

15   *Moriana*, 142 S. Ct. 1906, 1914 (2022) (*Viking River Cruises, Inc*.) ["California precedent holds

16   that a PAGA suit [may be] a 'representative action' in which the employee plaintiff sues as an

17   'agent or proxy' of the State"].  Yet, an alleged aggrieved employee must plead the existence of

18   other aggrieved employees where that existence may not be presumed.  *Arias v. Superior Ct*., 46

19   Cal.4th 969, 977 (2009) ["In a 'representative action,' the plaintiff seeks recovery on behalf of

20   other persons.  There are two forms of representative actions: those that are brought as class

21   actions and those that are not"].

22        In *Machado*, the plaintiff did not plead the existence of other aggrieved employees; and it

23   could not be inferred there were other current or former employees; instead, Machado argued that

24   "because he should have been categorized as a non-exempt worker and because he routinely

25   worked more than 12 hours in a workday and more than 40 hours in a week, he is entitled to all

26   wages owed including statutory overtime and double time rates, vested vacation wages, and

27   wages owed upon termination."  *Machado*, 2009 WL 2230788 at *1.  No other aggrieved

28   employees were alleged or alluded to in the complaint itself.  *Id*.  Thus, standing was unclear

1   from the complaint.  *Id*.  This Court opined, "[t]he Machado plaintiff seemed to misunderstand

2   the basic requirement that a PAGA action be brought on behalf of multiple aggrieved

3   employees."  *Medlock v. HMS Host USA, Inc*., 2012 WL 13049689, at *2 (C.D.Cal. Nov. 2,

4   2012) [finding complaint sufficient where the Court could infer such policies and general

5   practices affected other employees in a way similar to plaintiff].

6           Plaintiff, however, has not failed to allege the existence of other employees.  In addition to

7   pleading the existence of other employees suffering the same alleged unsafe working conditions

8   violations, Plaintiff has specifically alleged his brother, Justin Rendon, as an aggrieved employee

9   throughout his complaint.  Further, Justin's complaints would also presumably fall under

10   Plaintiff's eighth cause of action alleging Defendant engaged in unlawful business practices.

11   Plaintiff indicates his intention to categorize Justin's claims this way when he pleads, "Plaintiff

12   and his brother believed they were making complaints concerning violations of federal, state, or

13   local law, including possible violations of Department of Labor, Occupational Safety and Health

14   Administration (OSHA) (29 CFR § 1910, et seq.); the California Health and Safety Code; and

15   Cal-OSHA regulations (Title 8 of the California Code of Regulations)."  (ECF No. 1 at 65.)

16           Plaintiff pleads facts sufficient to establish standing to bring this PAGA action.  *See*

17   *Viking River Cruises, Inc.*, 142 S. Ct. at 1916 [complaint asserted wide array of other code

18   violations allegedly sustained by other employees]; ["There is no individual component to a

19   PAGA action because '"every PAGA action . . . is a representative action on behalf of the state'"

20   [Citation]"]; *see also Kim v. Reins Int'l California, Inc*., 9 Cal.5th 73, 87 (2020).

21           **b.  Plaintiff's LWDA notices met the statutory requirements.**

22          Defendant argues Plaintiff's notices to the LWDA were insufficient because the facts

23   pleaded in the complaint are substantially similar to the facts pleaded in those notices; therefore,

24   the LWDA notices are also insufficiently pleaded.  (ECF No. 7-1 at 11-12.)  Defendant argues

25   that because the time has passed to amend those notices and because a plaintiff must exhaust all

26   administrative remedies prior to pursuit of PAGA relief, granting leave to amend cannot cure

27   Plaintiff's claims and the claims must be dismissed.  (*Id*. at 12.)  Plaintiff, in its opposition,

28   indirectly argues this is a misrepresentation of the law and facts.  (ECF No. 9 at 10.)  Plaintiff is

1    terse in its opposition on the sufficiency of its PAGA notices:  Plaintiff includes only a header

2    stating he complied with and pleaded the prefiling requirements for PAGA.  (*Id.*)  Defendant

3    replies this failure to directly challenge its assertion should be construed as a "concession to the

4    merits" denying Plaintiff leave to amend.  (ECF No. 10 at 6.)

5         Section 2699.3 requires PAGA actions commence only after an "aggrieved employee: (1)

6    notifies the [LWDA] and employer in writing of the specific alleged violations to be pursued, and

7    (2) either receives notice from the LWDA that it will not investigate the claims, or after the

8    LWDA fails to provide such notice within 65 days."  Relying on *Amey v. Cinemark USA Inc*.,

9    2015 WL 2251504, at *13 (N.D.Cal. May 13, 2015) (*Amey*), Defendant argues that "facts and

10   theories specific to the plaintiff's principal claims" must be included in a LWDA notice and that

11   he cannot "merely list the statutes allegedly violated" or recite the statutory requirements in the

12   LWDA notice to be sufficiently pleaded.  (ECF No. 7-1 at 11.)

13        The appellate decision reversing and remanding *Amey* found, "[T]he district court erred in

14   dismissing [the plaintiff's] individual PAGA claim for failure to exhaust administrative remedies"

15   on the argument the plaintiff insufficiently pleaded "facts and theories" in its LWDA notice.

16   *Brown v. Cinemark USA, Inc*., 705 F. App'x 644, 645 (9th Cir. 2017) (*Brown*).  The appellate

17   decision explained, "As the California Supreme Court further noted in [*Williams v. Superior

18   Court*, 3 Cal.5th 531, 545 (2017) [*Williams*], 'Nothing in [S]ection 2699.3, subdivision (a)(1)(A),

19   indicates the "'facts and theories'" provided in support of "'alleged'" violations must satisfy a

20   particular threshold of weightiness, beyond the requirements of nonfrivolousness generally

21   applicable to any civil filing.'[Citation]."  *Id*.

22        A civil filing is "nonfrivolousness" when "[t]he claims, defenses, and other legal

23   contentions therein are warranted by existing law or by a nonfrivolous argument for the

24   extension, modification, or reversal of existing law or the establishment of new law."  Cal. Civ.

25   Proc. Code § 128.7; *see also Williams*, 3 Cal.5th at 545.  As defined, "'[f]rivolous' means totally

26   and completely without merit or for the sole purpose of harassing an opposing party."  Cal. Civ.

27   Proc. Code § 128.5(b)(2).

28        Defendant presents no argument that Plaintiff's claims are frivolous, totally and

1    completely without merit, or for the sole purpose of harassment.  Instead, Defendant's argument

2    is a misrepresentation of the facts of this case as sufficient pleading of the facts alleged in a

3    LWDA notice is not a requirement of the statute.  *Brown*, 705 F. App'x at 645.  Even under

4    Defendant's proposed heightened standard, the LWDA notices, provided by Defendant and

5    judicially noticed by this order, provide substantive factual allegations for each claim posited in

6    Plaintiff's complaint.  (ECF No. 7-2.)  Plaintiff has carried its burden, evidenced by the fact

7    Plaintiff filed the requisite LWDA notices (ECF No. 1 at 66), waited over 65 days to file its

8    complaint after receiving no response from LWDA (*id*.), and reproduced the substantive factual

9    allegations from his LWDA notices in his complaint (ECF No. 7-2).

10         Therefore, the Court finds Plaintiff's LWDA notices are nonfrivolous upon the facts

11   presented therein and finds Plaintiff has sufficiently pleaded compliance with administrative

12   remedies required to bring a PAGA action.

13            **c.  Plaintiff is an aggrieved employee under the relevant statutory definition.**

14         Defendant argues Plaintiff is not an aggrieved employee because he "fails to state any

15   claim upon which relief can be granted" in his complaint.  (ECF No. 7-1 at 12.)  For reasons

16   stated below, the Defendant has failed to persuade the Court.

17         Section 2699 defines an "aggrieved employee" as: "'any person who was employed by the

18   *alleged* violator and against whom one or more of the *alleged* violations was committed'" for

19   purposes of the statutory scheme.  [Citations [(emphasis added)].]"  *Hughes Aircraft Co. v.

20   Jacobson*, 525 U.S. 432, 438 (1999) [applying a plain reading analysis]; § 2699(c).  According to

21   the statute, Plaintiff need plead only that the alleged violator employed him and that he suffered at

22   least one or more violations as the alleged violator's employee.  *Id*.  Plaintiff pleads he was an

23   employee of Defendant (ECF No. 1); Plaintiff pleads Defendant is the alleged violator (*id*.); and

24   Plaintiff pleads all of the alleged violations were committed against him (*id*.).

25         The Court, thus, finds that Plaintiff is an aggrieved employee with standing to bring his

26   PAGA action.

27   ///

28   ///

1    **B.    Whether Plaintiff's Complaint is Sufficiently Pleaded**

2        **a.  Plaintiff sufficiently pleaded retaliation claims one, two, and three.**

3        Defendant argues Plaintiff must allege a prima facie case of retaliation to survive its

4    motion to dismiss.  "In order to state a prima facie case of retaliation, Plaintiff must establish: (1)

5    that he engaged in a protected activity; (2) that he was subjected to an adverse employment

6    action; and (3) that a causal link exists between the protected activity and the adverse action."

7    (ECF No. 7-1 at 17.)  Defendant argues Plaintiff does not provide sufficiently detailed facts

8    alleging that he engaged in protected activity, nor that there is a causal link between the adverse

9    employment action and that protected activity.  Defendant argues Plaintiff's claims of retaliation

10   are "conclusory," arguing Plaintiff gives no "explanation of complaints he made, when the

11   complaints were made, who he made the complaints to, or any other detail to support a claim that

12   he engaged in a protected activity."  (ECF No. 7-1 at 13.)  Plaintiff argues he has sufficiently

13   pleaded a prima facie case of retaliation for each retaliation claim.  (ECF No. 9 at 15-18.)

14       The case Defendant relies upon is factually inapposite.  *Yanowitz* refers to a summary

15   judgment motion, not a motion to dismiss, focusing on a case that had moved far past the

16   pleading stage and into discovery.  (ECF No. 7-1 at 12-13.)  Therefore, the reasoning from

17   *Yanowitz* does not apply in this case as it is at a completely different stage of the proceedings that

18   can rely on evidentiary support.  Defendant relies on these cases to demonstrate an additional

19   requirement for retaliation pleadings, one reaching above the *Iqbal-Twombly*, "well-pleaded

20   complaint" standard that governs a federal motion to dismiss.  A plaintiff is not *required* to plead

21   a plausible prima facie case of retaliation in its complaint for the claim to survive a motion to

22   dismiss; that notion is a ceiling, not a floor—sufficient but not necessary.  *Cloud v. Brennan*, 436

23   F. Supp. 3d 1290, 1300 (N.D. Cal. 2020) (citing, *Sheppard v. David Evans & Assoc.*, 694 F.3d

24   1045, 1050 n.2 (9th Cir. 2012); *Lacayo v. Donahoe*, 2015 WL 3866070, at *12 (N.D. Cal. June

25   22, 2015)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514-15 (2002)["A requirement

26   of greater specificity for particular claims is a result that 'must be obtained by the process of

27   amending the Federal Rules, and not by judicial interpretation.'  [Citation]"].

28       Plaintiff must plead only "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The California Labor Code protects employees who "made any oral or written complaint . . . to their employer," (§ 6310(a)) "disclosed or may disclose information, . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance," (§ 1102.5(b)) or "made a written or oral complaint that he or she is owed unpaid wages," (§ 98.6(a)) and protects employees from an employer's "retaliat[ion] against an employee because the employee is a family member of a person who has, or is perceived to have, engaged in any acts protected by this section" (§§ 6310(c); 1102.5(h); 2699.5). Additionally, "causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (*Villiarimo*); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) [finding causation where adverse actions occurred less than three months after complaint filed].

Plaintiff's pleading satisfies the requisite threshold and Defendant's heightened standard, pleading a prima facie case of retaliation.  Plaintiff reincorporates factual allegations from earlier in his complaint for each of his retaliation claims, which allege who engaged in protected activity under the statute by making oral complaints regarding the unsafe working conditions—he and his brother, Justin,—who they made them to—Defendant's managing employees,—and when they made the complaints—during Plaintiff's employment, up to and including, a week before Plaintiff's termination on September 5, 2019, which is within close temporal proximity to the Defendant's adverse employment action against Plaintiff.  (ECF No. 1 at 65.)

Therefore, the Court denies Defendant's motion to dismiss Plaintiff's first three claims.

### b.   Plaintiff failed to sufficiently plead his Fourth Cause of Action under § 222.

Defendant argues that Plaintiff insufficiently pleads his fourth cause of action for the withholding of wages under Section 222 (ECF No. 7-1 at 17-18), which states, "It shall be unlawful, in case of any wage agreement arrived at through collective bargaining . . . to withhold from said employee any part of the wage agreed upon."  Plaintiff's arguments do not address Defendant's arguments; instead, Plaintiff argues that because Defendant has not complied with Section 2751, they have violated Section 222.  (ECF No. 9 at 18.)

13

Defendant is correct—"[S]ection 222, by its terms, . . . does not apply to[] unrepresented plaintiffs, whose employment was not governed by [a collectively bargained for] agreement." *Stoetzl v. Dep't of Hum. Res.*, 7 Cal.5th 718, 752 (2019). Plaintiff does not allege the contested wages were arrived at through collective bargaining. As this is a requirement under the plain language of the statute, the Court grants Defendant's motion to dismiss as to Plaintiff's fourth cause of action with prejudice. At this stage, Plaintiff knows whether it collectively bargained for its wages and leave to amend would not cure this deficiency. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ["Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment"].

### c.   Plaintiff sufficiently pleaded his Fifth Cause of Action under §§ 201 and 203.

Defendant argues Plaintiff insufficiently pleaded his waiting time penalties claims under Sections 201, 202, and 203, because of its "good faith dispute" concerning whether wages were due. Section 201 states that upon discharge "the wages earned and unpaid at the time of discharge are due and payable immediately." § 201(a). "Due" is not defined in the statutory scheme; instead, it has been developed in the case law. Wages are "due" when they are required to be paid to an employee and the requirement for payment is unreleasable. *Watkins v. Wachovia Corp.*, 172 Cal.App.4th 1576, 1587 (2009) (*Watkins*). "Unpaid wages are due[ ]*immediately* upon discharge." *Kao v. Holiday*, 12 Cal.App.5th 947, 962 (2017) (emphasis in original).

Plaintiff argues he has sufficiently alleged he was not duly paid wages because "he was shorted on his commissions" and did not receive the shorted balance upon termination. (ECF No. 9 at 19.) Plaintiff alleges Defendant required him to sign and acknowledge he received his full commissions in order to receive his final paycheck on September 5, 2019, despite Plaintiff suspecting he did not actually receive his full commissions. (ECF No. 7-2 at 5.) Plaintiff, therefore, pleads Defendant failed to pay his wages due immediately upon discharge and that Defendant's failure to pay was willful. Section 203 ascribes waiting time penalties for a "willful" failure to pay "any wages of an employee who is discharged" as specified. § 203(a). "[T]o be at fault within the meaning of [Section 203], the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due . . .

14

'[W]illful' merely means that the employer intentionally failed or refused to perform an act which was required to be done." *Barnhill v. Robert Saunders & Co*., 125 Cal.App.3d 1, 7 (Ct. App. 1981). Plaintiff argues Defendant's willfulness can be inferred from his pleadings, as "Plaintiff requested a breakdown of the calculations several times, but never received them (ECF No. 9 at 19)," as required under Section 2751 (ECF No. 1 at 74).

"An employer's failure to pay is not willful if that failure is due to . . . the employer's good faith mistaken belief that wages are not owed grounded in a good faith dispute, which exists when the employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee." *Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1126 (E.D.Cal. 2022). Defendant argues Section 206 "describes the effect of section 201(a) in the event of a dispute over wages": Defendant argues Plaintiff can bring this cause of action only for wages "conceded to be owed" to him by Defendant since there is a "dispute" over whether the wages are due. (ECF No. 7-1 at 18.) Section 206 states, "In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed." § 206(a). "When a bona fide dispute exists, the disputed amounts are not 'due,' and the bona fide dispute can be voluntarily settled with a release and a payment . . ." *Watkins*, 172 Cal.App.4th at 1587.

Plaintiff argues Defendant's assertion—that Defendant has a good faith dispute that wages are due— posits an affirmative defense and that this defense should be raised "after providing an accounting of the commission paid to Plaintiff." (ECF No. 9 at 20.)

Plaintiff is correct: Defendant inappropriately posits an affirmative defense. "An affirmative defense is one that *precludes liability* even if all of the elements of the plaintiff's claim are proven." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D.Cal. 2016) (emphasis added). "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D.Cal. 2010). Section 13520 of Title 8 of the California Administrative Code in the California Code of Regulations defines

"willful" failure to pay wages within the meaning of Section 203 to occur "when an employer intentionally fails to pay wages to an employee when those wages are due."  Cal. Code Regs. tit. 8, § 13520.  "[A] good faith dispute that any wages are due will *preclude imposition* of waiting time penalties under Section 203."  *Id*. (emphasis added.)  The section then defines a "good faith dispute" to occur "when an employer presents a defense, based in law or fact which, if successful, would *preclude* any recovery on the part of the employee.'"  *Id*. (emphasis added).

Under a plain reading of the statute, a "good faith dispute" does not directly negate any prongs demonstrating a prima facie claim for relief under the waiting time penalties statutes, as is required in a motion to dismiss for failure to state a claim upon which relief can be granted. Instead, a "good faith dispute" assertion functions as a preclusion to liability for an employer-defendant that willfully subjected an employee-plaintiff to its failure to pay wages.  Therefore, in a motion to dismiss, this assertion is procedurally inappropriate as it functions as an affirmative defense.  *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co*., 931 F.3d 966, 972 (9th Cir. 2019) ["Rule 8 does not require plaintiffs to plead around affirmative defenses . . . And "'[o]rdinarily, affirmative defenses . . . may not be raised on a motion to dismiss'"].  Further, "this issue is more suitable for post-discovery resolution [as t]he majority of courts to address the 'good faith dispute' defense have done so at the summary judgment stage of the litigation." *Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1126 (E.D.Cal. 2022).

Because Plaintiff alleges he requested a statement of wages and breakdown of his commission from his supervisor that he never received, his cause of action is plausible.  The wage statement appears to be the only way of verifying whether Plaintiff received all accounted for wages since Plaintiff pleads he did not have ready access to such information on his own. Defendant's argument concerning whether Plaintiff can prove its claims surmount a "good faith dispute" at this time are premature.  Therefore, the Court denies Defendant's motion to dismiss as to Plaintiff's Section 201 and 203 claims.

### d.  Plaintiff failed to sufficiently plead his Fifth Cause of Action under § 202.

Section 202 states, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72

16

1   hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to

2   quit, in which case the employee is entitled to his or her wages at the time of quitting.

3   Notwithstanding any other law, an employee who quits without providing a 72-hour notice shall

4   be entitled to receive payment by mail if he or she so requests and designates a mailing address.

5   The date of the mailing shall constitute the date of payment for purposes of the requirement to

6   provide payment within 72 hours of the notice of quitting."  § 202.

7        Neither Defendant's motion to dismiss, nor Plaintiff's opposition discuss the relevance of

8   this statute.  Plaintiff does not plead sufficient facts to indicate why this statute is being alleged.

9   Plaintiff did not quit—he was terminated and only Section 201 should apply in that case.

10       The Court grants Defendant's motion regarding this statutory allegation but with leave for

11   Plaintiff to amend its complaint to provide, if any, allegations in support of its relevance.  *Cook*,

12   911 F.2d at 247 [where pleadings can be cured by allegation of additional facts, courts generally

13   grant leave to amend].

14           **e.  Plaintiff sufficiently pleaded his Sixth Cause of Action under § 2802(a).**

15       Defendant argues Plaintiff does not allege sufficient facts for this cause of action because

16   he does not specify the amount of reimbursement he is owed.  (ECF No. 7-1 at 19.)  Section 2802

17   states, "An employer shall indemnify his or her employee for all necessary expenditures or losses

18   incurred by the employee in direct consequence of the discharge of his or her duties . . ."  § 2802.

19   "To state a claim under Section 2802, a plaintiff must allege: '(i) the employee made expenditures

20   or incurred losses; (ii) the expenditures or losses were incurred in direct consequence of the

21   employee's discharge of his or her duties . . . ; and (iii) the expenditures or losses were reasonable

22   and necessary.' [Citations.]  'In addition, the employer "'must either know or have reason to

23   know that the employee has incurred [the] expense.'"  [Citations.]"  *Kajberouni v. Bear Valley*

24   *Cmty. Servs. Dist.*, 2022 WL 1190259, at *6 (E.D.Cal. Apr. 21, 2022) (*Kajberouni*); *see also*

25   *Gallano v. Burlington Coat Factory of California, LLC*, 67 Cal.App.5th 953, 960 (2021).  "'[T]he

26   term "'necessary expenditures or losses'" shall include all reasonable costs.' [Citation.]"  *Oliver*

27   *v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 51 Cal.App.5th 1, 30-31 (2020) (*Oliver*).  "[A]n

28   employer must reimburse employees for vehicle expenses that they necessarily incur in

performing their employment tasks.  [Citation.]  An employer's reimbursement obligation may be satisfied by paying actual expenses or mileage.  [Citation.]"  *Id.*

Plaintiff pleads Defendant required him to drive his personal vehicle and provided him a gas card for gas expenses, however, "[t]he gas reimbursement did not fully reimburse Plaintiff for all work-related expenses, including ordinary wear and tear on his personal vehicle, short-term maintenance, and long-term maintenance."  (ECF No. 1 at 76.)  The necessity of these expenses may be inferred from the pleadings.  *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1005 (N.D. Cal. 2016) (*Tan*) [Defendants' insistence that plaintiffs' claim fails because they have not alleged that the expenses were necessary to the discharge of their duties ignores that the [] allegations support such an inference"].  Drawing all reasonable inferences in Plaintiff's favor, these allegations are sufficient to state a plausible claim for relief because Plaintiffs have identified the type of expenses Defendant failed to reimburse.  *Tan*, 171 F. Supp. 3d at 1005 [Plaintiffs allege only that they were required to bear expenses related to "their vehicles, gas, parking, and other expenses"].

Because Plaintiff pleads that Defendant required him to use his personal vehicle for work-related purposes, that Defendant provided Plaintiff with only a gas card (not actual expenses or mileage reimbursement), and that the types of expenses borne were vehicle maintenance expenses, Plaintiff has sufficiently pleaded facts to withstand a claim against Defendant.

Thus, the Court denies Defendant's motion to dismiss Plaintiff's sixth cause of action.

### f.   Plaintiff sufficiently pleads his Seventh Cause of Action for an Accounting.

Unsupported by case law, Defendant argues Plaintiff's cause of action for an accounting "fails and must be dismissed" because Plaintiff failed to plead that an accounting cause of action is the only way to determine his commissions, neither that the legal remedies available to him are inadequate, nor that Plaintiff has "made any attempt" to use any of his legal remedies prior to filing this lawsuit.  (ECF No. 7-1 at 20.)  Plaintiff argues all that is required is that "some" relationship exists that requires an accounting and provides the requisite elements to establish a cause of action for an accounting.  (ECF No. 9 at 20-22.)

"Equitable jurisdiction for an accounting is usually invoked in cases where: (1) there is a fiduciary relationship between the parties, accompanied by a duty on the part of the defendant to

18

render an account; (2) there are mutual accounts, or, if the account is all on one side, the account is complicated; and (3) there is a need for discovery."  1 Am. Jur. 2d Accounts and Accounting § 52.  Courts have equity jurisdiction to compel an accounting where a fiduciary relationship exists between the parties, such as between and employer and an employee, and the defendant has a duty to render an account.  1 Am. Jur. 2d Accounts and Accounting § 53.  "Ordinarily, no accounting is necessary between an employer and an employee.  But where, as here, the payment is alleged to be in the form of a percentage of the moneys received by the employer, and the complaint alleged that the plaintiff did not know what moneys had been received through contracts procured by her, an accounting would be the only method of arriving at the amount due."  *Brea v. McGlashan*, 3 Cal.App.2d 454, 460 (1934).

Therefore, Plaintiff correctly argues he must show only: "1) money is due; 2) Plaintiff does not have reason to know the precise amount of compensation due; and 3) the compensation owed to Plaintiff can only be determined by an accounting of the books in Defendant's possession."  (ECF No. 9 at 21 (citing *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179).)  Plaintiff's pleading alleges he repeatedly asked his supervisor, Gene Kelly, for the information he needed to verify he was being paid his full commissions and states a plausible cause of action for waiting time penalties.  Furthermore, Plaintiff pleads, through incorporation by reference, that his commissions were 10% of the gross profits of sales, but that he was never given the amount of the gross profit for sales.  Finally, Plaintiff pleads that only Defendant has the information he needs.

Thus, the Court denies Defendant's motion to dismiss Plaintiff's accounting action.

### g.   Plaintiff sufficiently pleaded his Eighth Cause of Action under the UCL.

Plaintiff pleads "Defendant has been and continues to be unjustly enriched through Defendant's false, fraudulent, unfair, and deceptive business practices as alleged" under the UCL pursuant to the California Business and Professions Code Sections 17200-10.  (ECF No. 1 at 77.)  Defendant argues Plaintiff's allegations are insufficiently pleaded because "Plaintiff does not provide any facts regarding any alleged fraudulent, unfair, or deceptive actions."  (ECF No. 7-1 at 21.)  Defendant argues Plaintiff's pleading must be held to a higher standard in this regard because unlawful business practice allegations require specificity.  *Id*.  Plaintiff argues its UCL

1  claim is derivative of its wage and hour claims—"plaintiffs may sue for, among other things,

2  'unfair competition,' which is defined to include *any unlawful business practice*"; therefore, the

3  allegations throughout its complaint serve as facts alleged to substantiate the UCL claim.  (ECF

4  No. 9 at 22 (emphasis in original).)

5          "Unfair competition" includes "any unlawful, unfair[,] or fraudulent business act or

6  practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter

7  1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions

8  Code."  Cal. Bus. & Prof. Code § 17200.  "[T]here are three prongs under which a claim may be

9  established under Section 17200 . . . Acts proscribed under the 'unlawful' prong of Section 17200

10  include 'anything that can properly be called a business practice and that at the same time is

11  forbidden by law.' [Citations.]  In essence, the UCL 'borrows violations of other laws and treats

12  them as unlawful practices independently actionable under Section 17200.' [Citation.]"

13  *Kajberouni*, 2022 WL 1190259, at *7-8; *In re Google, Inc.Privacy Pol'y Litig*., 58 F. Supp. 3d

14  968, 984 (N.D.Cal. 2014) [reasoning that under unlawful prong, plaintiffs must allege facts that,

15  if proven, would demonstrate Defendant's conduct violated another, underlying law].

16          Defendant's arguments misstate the facts as alleged.  Plaintiff asserts various allegations

17  concerning Defendant's failure to comply with Cal-OSHA requirements, citing Cal-OSHA

18  provisions regulating working conditions he and his brother complained of such as: 8 CCR §§

19  3556 (tools to be maintained in safe working conditions); 3380 (PPE); 3382 and 3384 (eye, face,

20  and hand protection); 5142 and 5152 (ventilation); 3649-69 (forklifts and industrial trucks); 4231

21  and 4243 (miter saw and metal cutting equipment); 3241 (storage racks); and 3657 (elevating

22  employees with forklift).  (ECF No. 1 at 65.)  Further, Plaintiff alleges facts that plausibly

23  demonstrate Defendant violated Section 2751, which may serve as a predicate claim to support an

24  UCL action.  *Swafford v. Int'l Bus. Machines Corp*., 383 F. Supp. 3d 916, 934 (N.D.Cal. 2019).

25          Because these alleged violations may be treated as "unlawful practices" under the UCL,

26  the Court denies Defendant's motion to dismiss Plaintiff's eighth cause of action.

27  ///

28  ///

### h.   Plaintiff does not, in part, sufficiently plead his Ninth Cause of Action.

Defendant argues, in a perfunctory manner, the Court should dismiss Plaintiff's ninth cause of action for the reasons it gives throughout its motion to dismiss, pertaining to Plaintiff's PAGA claims and for its redundancy.  (ECF No. 7-1 at 22.)  Plaintiff argues the PAGA penalties he pleads are derivative of the asserted wage and hour claims.  (ECF No. 9 at 22.)  Because the Court denied Defendant's motion for Plaintiff's first, second, third, and sixth claim, the Court will consider Defendant's arguments as they pertain to Plaintiff's fourth and fifth causes of action.

Plaintiff's fourth cause of action concerns Section 222.  Because Plaintiff has not alleged facts stating its commission wages were arrived at through collective bargaining pursuant to the plain language of the statute, the Court granted Defendant's motion without leave to amend; however, Plaintiff's fifth cause of action concerns Section 202.  Plaintiff's pleading was unclear in its reference to this statute.  Section 202 pertains to employees who have quit.  As the reference was unclear, the Court granted Defendant's motion with leave to amend.

Thus, the Court grants Defendant's motion to dismiss Plaintiff's ninth cause of action with respect to Plaintiff's fourth cause of action *without* leave to amend.  The Court grants Defendant's motion to dismiss with respect to Plaintiff's fifth cause of action with leave to amend.

### C.   Motion to Strike

Defendant moves to strike Plaintiff's prayer for punitive damages pursuant to Federal Rule of Civil Procedure 12(f).  (ECF No. 7-1 at 22-23.)  Defendant argues, using outdated authority,[9] punitive damages "are not recoverable as a matter of law" here and should be stricken

---

[9] Defendant cites to *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D.Cal.2005) to support its proposition that "[a] 'motion to strike is appropriate to address requested relief ... which is not recoverable as a matter of law.'"  (ECF No. 7-1 at 22.)

*Won Kyung Hwang v. Ohso Clean, Inc*., No. C-12-06355 JCS, 2013 WL 1632697, at *22 (N.D. Cal. Apr. 16, 2013) explains the Court's reasoning in departing from this approach:

"In *Whittlestone*[*, Inc. v. Handi-Craft Co*., 618 F.3d 970 (9th Cir. 2010) (*Whittlestone*)], the Ninth Circuit reviewed a district court decision striking a plaintiff's claim for lost profits and consequential damages from plaintiff's complaint pursuant to Rule 12(f). *Whittlestone*, 618 F.3d at 973.  The Ninth Circuit concluded that the claim for lost profits and consequential damages was not properly the subject of a motion to strike because the claim was not (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent;

1    because California law requires "'[s]omething more than the mere commission of a tort'" to

2    award punitive damages.  (*Id*.)  Defendant argues Plaintiff is required to plead supporting factual

3    allegations to "[g]eneral, conclusory assertions that Defendant acted 'maliciously,' 'fraudulently,'

4    or 'oppressively'" and that Plaintiff has "pled *nothing* more than alleged commission of various

5    torts." (*Id*. (emphasis in original).)  Defendant argues "Plaintiff has failed to plead any facts to

6    support a prayer for punitive damages, therefore it must be stricken from the FAC."  (*Id*.)

7    Plaintiff argues he is not precluded from a recovery of punitive damages because he has

8    sufficiently pleaded facts demonstrating Defendant's malicious, despicable, and oppressive

9    conduct.  (ECF No. 9 at 22-23.)  Plaintiff opposes with the definition of "malice" pursuant to

10   subdivision (c) of California Civil Code Section 3294, stating:  "'Malice' means either Defendant

11   intended to cause injury to Plaintiff or Defendant's conduct was despicable and carried on with a

12   willful and conscious disregard of the rights and safety of others.  [Citations] CACI Jury

13   Instruction goes on to read '[a] person acts with knowing disregard when he or she is aware of the

14   probable consequences of his or her conduct and deliberately fails to avoid those consequences.'"

15   (*Id*.)  Plaintiff argues "[b]ased on the facts alleged in the complaint, a jury could reasonably

16   conclude Defendant acted with 'malice' when it terminated Plaintiff, in reckless disregard for

17   Plaintiff's rights and California employment laws."  (*Id*.)

18   Despite the parties' arguments concerning the sufficiency of the pleadings, Defendant's

19   motion to strike is procedurally improper for a different reason; it argues Plaintiff's claims should

20   be stricken because punitive damages "are not recoverable as a matter of law" here.  Under Rule

21   12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial,

22   impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are disfavored even

23

24   or (5) scandalous.  *Id*. at 973-74.  The court went on to reject the defendant's argument
     that the claim should be stricken from the complaint as precluded as a matter of law.  *Id*.
25   at 974.  The Ninth Circuit explained that an attempt to dismiss a portion of the plaintiff's
     complaint is better suited to a 12(b)(6) motion.  *Id*.  It reasoned that if Rule 12(f) were
26   allowed to be used to dismiss some or all of a pleading, it would create redundancies with
     Rule 12(b)(6).  *Id*.  Therefore, the Ninth Circuit held that Rule 12(f) does not authorize
27   district courts to strike claims for damages on the ground that such claims are precluded as
     a matter of law.  *Id*. at 974-75."
28

when brought for their prescribed purpose.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).  "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law" (*id.* at 974-75), and Defendant does not argue that Plaintiff's punitive damages prayer for relief is "insufficient, immaterial, impertinent, or scandalous" in its motion to strike (ECF No. 7-1 at 23).

Because "[t]he proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f)" (*Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D.Cal. 2009)), the Court denies Defendant's motion to strike.

## CONCLUSION

For the reasons explained above:

1.    The Court DENIES Defendant's motion to dismiss (ECF No. 7) Plaintiff's first, second, third, sixth, seventh, and eighth claims; the Court denies Defendant's motion to dismiss Plaintiff's fifth cause of action under Lab. Code §§ 201 and 203;

2.    The Court GRANTS Defendant's motion to dismiss (ECF No. 7) Plaintiff's fourth cause of action under Lab. Code § 222, including related claims in his ninth cause of action, WITHOUT leave to amend;

3.    The Court GRANTS Defendant's motion to dismiss Plaintiff's fifth cause of action under California Labor Code Section 202, including related claims in his ninth cause of action, WITH leave to amend;

4.    The Court DENIES Defendant's motion to strike (ECF No. 7);

5.    The Court GRANTS Defendant's Request for Judicial Notice (ECF No. 7);

6.    The Court DENIES Plaintiff's requests for judicial notice (ECF No. 9) and to submit supplemental briefing (ECF No. 11); and

///

///

///

///

///

23

7.     The Court GRANTS Plaintiff leave to file a second amended complaint to address the deficiencies identified in this order within twenty-one (21) days of this order.

IT IS SO ORDERED.

Dated:   December 13, 2022

_____
UNITED STATES DISTRICT JUDGE

24