UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC RENDON, individually on behalf of himself and all others similarly situated, under the Private Attorney General Act (PAGA), pursuant to Labor Code §§ 2698, et seq.,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY FASTENERS, INC., a Kansas Corporation; and DOES 1-50;<br><br>Defendants. | Case No. 1:20-cv-01538-ADA-BAM<br><br>**ORDER VACATING HEARING**<br><br>**ORDER RE UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA")**<br><br>(Docs. 34, 41.) |

Plaintiff Eric Rendon ("Plaintiff") filed suit against Defendant Infinity Fasteners, Inc. ("Defendant") and DOES 1-50, alleging that they violated California's Private Attorneys General Act ("PAGA"), Labor Code, Business & Professions Code, and the Fair Employment and Housing Act. (Doc. 1 at 4-39.) The parties reached a settlement, and now before the Court is Plaintiff's unopposed Motion for Approval of PAGA Settlement. (Docs. 32, 34, 41.) The parties filed a joint consent to magistrate jurisdiction for the limited purpose of deciding the pending Motion for Approval of Settlement Pursuant to PAGA. (Doc. 37.) The Court finds the motion suitable for decision without the need for oral argument. Accordingly, the hearing on the motion currently set for April 21, 2023, is HEREBY VACATED, and the matter is submitted on the

record.  E.D. Cal. L.R. 230(g).

For the reasons discussed below, the Court will grant this motion.

**I.      BACKGROUND**

**A. Procedural History and Claims and Allegations in Operative Pleading**

Plaintiff initiated this action on June 14, 2020, in Fresno County Superior Court.  (Doc. 1 at 4-20.)  On April 10, 2020, Plaintiff sent notice of his claims to the California Labor and Workforce Development Agency ("LWDA").  (Doc. 34-5 ¶¶ 3-4, Doc. 34-5, Ex. 1 at 21-24).  Plaintiff subsequently sent additional notice to the LWDA on July 10, 2020, 91 days after his first notice.  (Doc. 34-5 ¶¶ 3-4, Doc. 34-5, Ex. 2 at 25-29.)  The LWDA did not indicate its intent to investigate in response to Plaintiff's notices.  (Doc. 34-5 ¶¶ 3-4.)

Plaintiff filed a First Amended Complaint on September 17, 2020.  (Doc. 1 at 22-39.)  In the operative First Amended Complaint, Plaintiff alleged nine causes of action (both individual claims and PAGA claims) for: (1) Retaliation for complaints of unsafe working conditions pursuant to California Labor Code §§ 6310(a),(c), 2699.5; (2) Retaliation for complaints of illegal activity pursuant to California Labor Code §§ 1102.5(b)(h), 2699.5; (3) Retaliation for complaints of unpaid wages pursuant to California Labor Code §§ 98.6, 2699.5; (4) Withholding of wages pursuant to California Labor Code §§ 222; 225.5, 2699.5; (5) Waiting Time penalties pursuant to California Labor Code §§ 20l, 202, 203, 2699.5; (6) Failure to Reimburse for Travel and Other Expenses pursuant to California Labor Code §§ 2802, 2699.5; (7) Accounting; (8) Unfair Competition Law violations pursuant to California Business & Professions Code §§ 17200 et seq.; and (9) PAGA Civil Penalties pursuant to California Labor Code §§ 2698 et seq. (*Id.*)  More specifically, Plaintiff alleged that Defendant failed to provide clear breakdowns of how commissions were calculated, failed to reimburse him for work-related expenses, and retaliated against him for complaints he made.  (Doc. 1 at 23-25; Doc. 34-4 ¶¶ 3-11.)

On October 29, 2020, the matter was removed to this Court, and on December 3, 2020, Defendant filed a Motion to Dismiss and Motion to Strike Plaintiff's First Amended Complaint.  (Docs. 1, 7.)  The Court granted in part and denied in part Defendant's Motion to Dismiss and denied Defendant's Motion to Strike, dismissing Plaintiff's fourth cause of action for withholding

2

1  of wages.  (Doc. 31.)  On January 10, 2023, the parties participated in a court sponsored
2  settlement conference and reached a settlement on Plaintiff's remaining individual and PAGA
3  claims.  (Docs. 32, 33, 34-1.)  Plaintiff thereafter filed the current Motion for Approval of PAGA
4  Settlement.  (Doc. 34.)  On Feb. 10, 2023, the parties filed a joint consent to magistrate
5  jurisdiction for the limited purpose of deciding the pending Motion for Approval of Settlement
6  Pursuant to PAGA.  (Doc. 37.)  Defendant filed its Statement of Non-Opposition to Plaintiff's
7  Motion for Approval of PAGA Settlement on February 23, 2023.  (Doc. 41.)

**B. Proposed PAGA Settlement**

The proposed settlement agreement indicates that Defendant will pay a total settlement sum of $60,000.00 to settle Plaintiff's individual and PAGA claims.  (Doc. 34-1.)  This includes a $3,000 PAGA settlement sum and a $57,000 settlement of Plaintiff's individual claims.  (Doc. 34-1 at 5, 12-13.)  The PAGA settlement notes that the "PAGA portion of the settlement encompasses two former employees of EMPLOYER, Eric Rendon and Justin Rendon ('Covered Employees') in Case Nos. LWDA-CM-796597-20 and LWDA-782649-20."  (Doc. 34-1 at 12.)  Plaintiff's counsel further represents that they did not discover any potentially aggrieved employees beyond those two Covered Employees.  (Doc. 34-5 ¶ 17.)  From the $3,000 PAGA settlement sum, the two Covered Employees will receive $500, Plaintiff's counsel will receive $1,000, and the LWDA will receive $1,500.  (Doc. 34-1 at 5, 12-13.)

In return for the PAGA settlement amount, Plaintiff releases Defendant from any claims for civil penalties that could have been assessed or collected by Plaintiff or the LWDA based on factual allegations of the First Amended Complaint.  (Doc. 34-1 at 13.); *see Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) ("In a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency.").  However, Plaintiff's counsel represents that the settlement will not release Defendant from underlying individual claims for violations of the California Labor Code that Covered Employees may have.  (Doc. 34-5 ¶ 38.)  The settlement states that, "[e]xcept as to the Eric Rendon who is entering into an individual settlement agreement as to his

3

1    claims, the released claims do not include any underlying individual claims or causes of action
2    the Covered Employees may have, and relief they may seek, against RELEASED PARTIES with
3    respect to violations of the California Labor Code." (Doc. 34-1 at 13.)  No injunctive relief or
4    other non-monetary relief is included in the PAGA settlement. (Doc. 34-1 at 12-13.)

## II.     LEGAL STANDARD FOR PAGA SETTLEMENT

6          The California Legislature enacted the PAGA, codified at California Labor Code §§ 2698
7    et seq., after finding and declaring: (i) that adequate financing of labor law enforcement was
8    necessary to achieve maximum compliance; (ii) that staffing levels for state labor law
9    enforcement agencies have declined and were unable to keep up with a growing labor market;
10   (iii) that vigorous assessment and collection of civil penalties provides a meaningful deterrent to
11   unlawful conduct; and (iv) that it was therefore in the public interest to allow aggrieved
12   employees, acting as private attorneys general, to seek and recover civil penalties for Labor Code
13   violations.  2003 Cal. Legis. Serv. Ch. 906 (S.B. 796) (WEST).
14         Under the PAGA, an "aggrieved employee" may bring an action for civil penalties for
15   labor code violations on behalf of herself and other current or former employees as the proxy or
16   agent of the state's labor law enforcement agencies.  Cal. Lab. Code § 2699(a); *Arias*, 46 Cal. 4th
17   at 986; *Swain v. Anders Grp., LLC,* No. 1:21-cv-00197-SKO, 2022 WL 5250139, at *4–5 (E.D.
18   Cal. Oct. 6, 2022) ("A plaintiff suing under the PAGA "does so as the proxy or agent of the
19   state's labor law enforcement agencies.").  A representative action under PAGA is not a class
20   action, but rather a "representative action on behalf of the state." *Kim v. Reins Int'l Cal., Inc.*, 9
21   Cal. 5th 73, 87 (2020); *Almanzar v. Home Depot U.S.A., Inc*., No. 2:20-cv-0699-KJN, 2022 WL
22   2817435, at *3 (E.D. Cal. July 19, 2022).  Thus, a plaintiff suing under PAGA is limited to
23   recovery of civil penalties only, rather than damages or unpaid wages available privately through
24   direct or class action claims. *Iskanian v. CLS Transportation L.A., LLC*, 59 Cal. 4th 348, 381
25   (2014); *Swain*, 2022 WL 5250139, at *5.
26         The plaintiff must also first provide written notice to the LWDA.  Cal. Lab. Code §
27   2699.3(a)(1).  Because a PAGA claim is not a collection of individual claims for relief like a class
28   action, PAGA claims "need not satisfy Rule 23 class certification requirements." *Hamilton v.*

4

1    *Wal-Mart Stores, Inc.*, 39 F.4th 575, 583 (9th Cir. 2022).  However, like class action settlements,
2    "settlements of PAGA claims must be approved by the court." *Almanzar*, 2022 WL 2817435, at
3    *5; Cal. Lab. Code § 2699(l)(2).
4           Although there is no binding authority setting forth the proper standard of review for
5    PAGA settlements, California district courts have applied a Rule 23-like standard, asking whether
6    the settlement of the PAGA claims is "fundamentally fair, adequate, and reasonable in light of
7    PAGA's policies and purposes." *Mondrian v. Trius Trucking, Inc*., No. 1:19-cv-00884-ADA-
8    SKO, 2022 WL 6226843, at *7 (E.D. Cal. Oct. 7, 2022) (citing *Haralson v. U.S. Aviation Servs.
9    Corp.*, 383 F. Supp. 3d 959, 972 (N.D. Cal. 2019)); *Swain*, 2022 WL 5250139, at *5; *see also
10   Moniz v. Adecco USA, Inc.*, 72 Cal. App. 5th 56, 76-78 (2021) (agreeing with federal district
11   courts that have found it appropriate to review a PAGA settlement to ascertain whether it is fair,
12   reasonable, and adequate in view of PAGA's purposes and policies).  Accordingly, courts have
13   approved PAGA settlements upon a showing that: (1) the settlement terms meet the PAGA
14   statutory requirements and (2) are fundamentally fair, reasonable, and adequate in view of the
15   PAGA's policy objectives.  *See Clayborne v. Lithia Motors, Inc*., No. 1:17-cv-00588-AWI-BAM,
16   2022 WL 16701278, at *2-3 (E.D. Cal. Oct. 24, 2022); *Swain*, 2022 WL 5250139, at *5
17   ("the Court will approve a settlement of PAGA claims upon a showing that the settlement terms
18   (1) meet the statutory requirements set forth by the PAGA; and (2) are fundamentally fair,
19   reasonable, and adequate in view of the PAGA's public policy goals."); *Gilmore v. McMillan-
20   Hendryx Inc*., No. 1:20-cv-00483-HBK, 2022 WL 184004, at *2 (E.D. Cal. Jan. 20, 2022)
21   ("Courts consider: (1) whether the statutory requirements of notice to the LDWA have been
22   satisfied, and (2) whether the settlement agreement is fair, reasonable, and adequate, as well as
23   meaningful and consistent with PAGA's public policy goals, which include 'augmenting the
24   state's enforcement capabilities, encouraging compliance with Labor Code provisions, and
25   deterring noncompliance.'"); *Kang v. Wells Fargo Bank, N.A.*, No. 17-cv-06220-BLF, 2021 WL
26   5826230, at *15 (N.D. Cal. Dec. 8, 2021) ("Other district courts have found it appropriate to
27   approve a PAGA settlement where 'the settlement terms (1) meet the statutory requirements set
28   forth by PAGA, and (2) are fundamentally fair, reasonable, and adequate in view of PAGA's

public policy goals.'"), aff'd sub nom. *Kang v. Fyson*, No. 22-15694, 2022 WL 6943174 (9th Cir. Oct. 12, 2022).

## III. DISCUSSION

### A. Statutory Requirements

The Court finds that the settlement terms meet the statutory requirements set forth by PAGA, which requires that 75 percent of the civil penalties recovered by aggrieved employees be distributed to the LWDA while 25 percent be distributed to the aggrieved employees. Cal. Lab. Code § 2699(i). PAGA further requires that the plaintiff provide written notice of the allegations to the LWDA and that the "proposed settlement shall be submitted to the agency at the same time that it is submitted to the court." Cal. Lab. Code §§ 2699(l)(2); 2699.3(a)(1).

Of the $3,000 gross PAGA settlement sum, $1,000 is allotted to attorneys' fees, $1,500 (or 75 percent of net civil penalty recovery) is allotted to the LWDA, and $500 (or 25 percent of net civil penalty recovery) is allotted to the two Covered Employees. (Doc. 34-1 at 12.) These allocations of the net recovery meet the requirements of § 2699(i). As to notice, Plaintiff notified the LWDA regarding his allegations on April 9, 2020, and subsequently on July 10, 2020. (Doc. 34-5 ¶¶ 3-4, Doc. 34-5 Exh. 1-2 at 20-29.) The LWDA did not provide notice that it intended to investigate Plaintiff's allegations. (Doc. 34-5 ¶¶ 3-4.) Plaintiff additionally submitted the settlement to the LWDA on February 9, 2023, concurrent with the filing of this motion. (Doc. 34-5 ¶ 86; Doc. 34-5 at 35-42, Ex. 3 to Declaration of John L. Migliazzo.) Defendant also does not object to any issue of notice. (Doc. 41.) Therefore, the Court finds that the statutory requirements of § 2699 regarding distribution of penalties and notice have been met. *See Trujillo v. Airport Terminal Servs., Inc.*, 2021 U.S. Dist. LEXIS 203569, *3-5 (C.D. Cal. Oct. 21, 2021) (finding statutory provision was met and noting that the "purpose of the notice to the LWDA is to allow it to review and comment on the proposal, if it elects to do so."); *Abelar v. Am. Residential Servs., L.L.C.*, No. ED CV 19-00726 JAK (JPRx), 2019 WL 6054607, at *4 (C.D. Cal. Nov. 14, 2019) (notice requirement met where plaintiff submitted the proposed settlement to the LWDA).

### B. Fairness, Adequacy, and Reasonableness of the PAGA Settlement

The Court finds that the settlement terms are fair, reasonable, and adequate in view of the

PAGA's policy goals.  The record indicates that Plaintiff and counsel have litigated this matter by filing the original complaint and operative First Amended Complaint, taking a deposition of Defendant's Person Most Qualified, serving written discovery requests and interrogatories, reviewing Defendant's document production, filing an opposition to Defendant's Motion to Dismiss and Motion to Strike, participating in a court sponsored settlement conference, and negotiating the current PAGA settlement at arm's length.  (Doc. 34-5 ¶¶ 3–20); *see Adoma v. Univ. of Phx., Inc.*, 913 F. Supp. 2d 964, 977 (E.D. Cal. 2012) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair.").  Plaintiff's counsel also represents that the "PAGA portion of this case has not been used as a bargaining chip to bolster Plaintiff's individual claims, as each of his individual claims were substantial."  (Doc. 34-5 ¶ 72.)  The Court notes that, while Plaintiff releases Defendant from claims for civil penalties that could have been collected by Plaintiff or the LWDA based on Plaintiff's First Amended Complaint, the settlement does not release Defendant from aggrieved employees' underlying individual claims for violations of the California Labor Code.  (Doc. 34-1 at 13; Doc. 34-5 ¶ 38.); *see Arias*, 46 Cal. 4th at  986.  The settlement agreement also does not contain a provision for the reversion of uncashed, expired funds to Defendant.  (Doc 34-5 ¶ 38.)  The negotiation and terms of the settlement therefore suggest that the parties arrived at a compromise based on an understanding of the legal and factual issues surrounding the case.  *Kutzman v. Derrel's Mini Storage, Inc*, No. 1:18-cv-00755-AWI-JLT, 2020 WL 5909151, at *9 (E.D. Cal. Oct. 6, 2020) ("It therefore appears that, in addition to participating in, the parties have engaged in sufficient discovery and case development to have a full understanding of the legal and factual issues underlying this action. This factor supports approval of the settlement agreement.")

The PAGA settlement also recognizes the risks of further litigation in that Defendant will continue to contest any alleged violations of applicable law and liability for any claims asserted in the FAC, and that even if Plaintiff prevailed on the merits, the PAGA penalty could still be reduced under the Court's discretion.  (Doc. 34-5 ¶¶ 35-36, 54-56); *see Munoz v. Giumarra Vineyards Corp.*, No. 1:09-cv-00703-AWI-JLT, 2017 WL 2665075, at *9 (E.D. Cal. June 21, 2017) (noting that "[a]pproval of settlement is "preferable to lengthy and expensive litigation with

uncertain results."), report and recommendation adopted, No. 1:09-cv-00703-AWI-JLT, 2017 WL 7371175 (E.D. Cal. Nov. 27, 2017).  The total PAGA settlement sum of $3,000 is reasonable, given the risks involved, the limited number of aggrieved employees, and the expected maximum potential penalty of $40,400.  (Doc. 34-5 ¶¶ 17, 51.); *Officers for Justice v. Civil Service Com'n of City and Cty. of S.F.*, 688 F.2d 615, 628 (9th Cir. 1982) ("[A] cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair.").  Many courts have awarded PAGA penalties far less than the statutory maximum amount. *See Clayborne*, 2022 WL 16701278, at *3 (finding settlement sum of $19,580 reasonable where the maximum potential penalty was $71,200); *Aguirre v. Genesis Logistics*, No. SACV 12-00687-JVS-ANX, 2013 WL 10936035, at *2–3 (C.D. Cal. Dec. 30, 2013) (imposing a PAGA penalty of $500,000 where the maximum penalty was approximately $1.8 million); *Fleming v. Covidien Inc.*, No. (OPX), 2011 WL 7563047, at *3–4 (C.D. Cal. Aug. 12, 2011) (reducing the PAGA penalty to $500,000 where the general penalty would have been $2.8 million).

Given the amounts allocated to LWDA and aggrieved employees, the litigation and negotiation involved in achieving the settlement, the potential risks of further litigation, and the fact that aggrieved employees are not precluded from bringing actions against Defendant for individual claims, the Court concludes that the parties' PAGA settlement is fundamentally fair, reasonable, and adequate in view of PAGA's public policy goals.

**C. Reasonableness of Attorneys' Fees**

The Court finds that the attorneys' fees of $1,000 provided by the PAGA settlement are reasonable.  "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."  Cal. Lab. Code § 2699(g)(1).  "Calculating attorneys' fees under this provision requires application of the lodestar."  *Perez v. All Ag, Inc.*, No. 1:18-cv-00927-DAD-EPG, 2021 WL 3129602, at *5 (E.D. Cal. July 23, 2021) (citing *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1072 (N.D. Cal. 2018); *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000); *Margolin v. Reg'l Planning Comm'n*, 134 Cal. App. 3d 999, 1004 (1982)).  "In determining reasonable hours, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been expended."  *Chalmers v. City of Los Angeles*, 796 F.2d

1205, 1210 (9th Cir. 1986). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court should also exclude from the lodestar fee calculation any hours that were not "reasonably expended," such as hours that are excessive, redundant, or otherwise unnecessary. *See id*. at 434; *J & J Sports Prods., Inc. v. Napuri*, No. 4:10-cv-04171-SBA, 2013 WL 4428573, at *1 (N.D. Cal. Aug. 15, 2013).

In assessing fee applications, the reasonable hourly rates are calculated according to the prevailing market rates in the relevant legal community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) ("The 'prevailing market rates in the relevant community' set the reasonable hourly rate for purposes of computing the lodestar amount"); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.' ") (quoting *Chalmers*, 796 F.2d at 1210–11); *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) ("reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community'"); *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) ("that party has the burden to prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'"). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Gonzalez*, 729 F.3d at 1205 (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir.2010)).

The fee applicant bears the burden of producing satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); see also *Napuri*,

9

2013 WL 4428573, at *2.

The PAGA settlement here allocates $1,000 to attorneys' fees and costs. (Doc. 34-1 at 12.) This represents one-third of the $3,000 PAGA settlement amount. (*Id.*) This requested amount, however, is significantly less than Plaintiff's asserted lodestar of approximately $45,000. (Doc. 34-5 ¶ 67.) While Plaintiff's counsel Mr. Migliazzo did not attach billing or cost records to his declaration, he states that this lodestar includes: $33,950 for his approximately 97 hours of work billed at $350 per hour; $11,500 for approximately 70 hours expended by Dusty Nunes as a law clerk and attorney billed at $250 per hour for non-contingent clients; and time expended by attorney Michael J.F. Smith billed at $400 per hour for non-contingent clients. (Doc. 34-5 ¶¶ 65-67.) The court finds those rates to be reasonable hourly rates in this district. *See, Perez,* 2021 WL 3129602, at *6 ("the court finds those rates ranging between $175 and $300 to be reasonable hourly rates in this district."); *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 839 (E.D. Cal. 2016) (concluding that appropriate rates in this community are $350 to $400 per hour for attorneys with twenty or more years of experience, $250 to $350 per hour for attorneys with less than fifteen years of experience, and $125 to $200 per hour for attorneys with less than two years of experience); *Sanchez v. Frito-Lay, Inc.*, No. 1:14-cv-00797-AWI-MJS, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, (E.D. Cal. Aug. 26, 2015) (awarding rates of $275 to $350 for attorneys with between fourteen and twenty years of experience).

As to whether Plaintiff's represented hours are reasonable, Plaintiff's counsel states that the "PAGA representative claims were litigated simultaneously to the individual claims, so the substantial majority of my time was expended for the benefit of the PAGA representative action." (Doc. 34-5 ¶ 65.) Plaintiff's counsel further notes that "[s]imply negotiating this settlement (8.75 hours) and finalizing the agreement/motion (12.0 hours) included 20.5 hours of attorney fees time, for a lodestar of $7,175.00." (Doc. 34-5 ¶ 68.) Plaintiff's counsel did not include billing records and did not distinguish with greater specificity between the amount of time spent on the PAGA action and the time spent on Plaintiff's individual claims. Nevertheless, Plaintiff's counsel's hours appear reasonable considering the duration of the case, in which Plaintiff's

counsel filed multiple complaints, deposed Defendant's Person Most Qualified, served discovery requests and reviewed Defendant's production, filed an opposition to Defendant's Motion to Dismiss and Motion to Strike, and negotiated the final PAGA settlement. (Doc. 34-5 ¶¶ 3–20.). In addition, Plaintiff's counsel states that "[a]ll costs associated with this action, including the PAGA action, will be taken out of Plaintiff's individual settlement." (Doc. 34-5 ¶ 71.)

The $1,000 in attorneys' fees sought in this case are therefore reasonable, as supported by the lodestar cross check and the request of less than five percent of the estimated lodestar. *See Clayborne*, 2022 WL 16701278, at *3 ("the amounts set aside from the total PAGA settlement sum for attorney fees are reasonable, given the extent of the litigation Plaintiff and counsel pursued, the risks they faced in this matter, and that counsel waived its costs in this PAGA action."); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (finding that attorneys' fees were fair and reasonable after examining factors including the results achieved and the risk of litigation).

**IV.     CONCLUSION AND ORDER**

Accordingly, the Court finds that the settlement terms meet the statutory requirements and are fundamentally fair, reasonable, and adequate in view of the PAGA's policy objectives. *See Swain*, 2022 WL 5250139, at *5; *Gilmore*, 2022 WL 184004, at *2.

For the reasons stated above, IT IS ORDERED:

1. Plaintiff's unopposed Motion for Approval of PAGA Settlement, (Doc. 34) is granted, and Plaintiff's counsel shall receive $1,000 in attorneys' fees and costs;
2. The parties are directed to effectuate all terms of the PAGA settlement agreement (Doc. 34-1) and any deadlines or procedures for distribution therein; and
3. Within sixty (60) days from the date of this order, the parties shall file a stipulation signed by all parties to dismiss this case pursuant to Rule 41(A)(1)(A)(ii).

IT IS SO ORDERED.

Dated:     **April 12, 2023**                    /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE